### SAVAGE v. McMILLAN.

(Supreme Court, Appellate Division. Fourth Department. January 18, 1899.)

FALSE IMPRISONMENT—PROBABLE CAUSE—EVIDENCE.

> Plaintiff had contracted with a city to replace a building located on ground belonging to the latter with a new one, the contract providing that he should have the benefit of the materials of the old. A city official took away stone taken from the old building, and for attempting to repossess himself of the stone he caused plaintiff's imprisonment on a charge of grand larceny. Held, that the city official was liable for false imprisonment.

Appeal from trial term, Erie county.

Action by William L. Savage against William McMillan for false imprisonment. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

C. V. Nellany, for appellant.
William L. Jones, for respondent.

HARDIN, P. J. Plaintiff's complaint alleges that on the 19th of November, 1895, at the city of Buffalo, the defendant, without any warrant or pretense of legal process, caused the arrest of the plaintiff, and obliged him to go to the police court in that city, some two miles, and that the defendant caused a false charge to be made against the plaintiff that he was guilty of a felony, without any reasonable cause, or without any right or authority so to do; and that the plaintiff was held under arrest and imprisonment, and was thereby injured, and compelled to procure bail, and expend $25 for counsel, and that he was held and imprisoned until the 29th of November, 1895, when the defendant again falsely charged the

plaintiff with the same offense, and the plaintiff was discharged from custody. At the opening of the trial the defendant asked the court to compel the plaintiff to elect whether the plaintiff should proceed to trial upon the complaint as for malicious prosecution or for false imprisonment. The court very promptly ruled that the complaint was for false imprisonment, and nothing else. The plaintiff was a contractor, and put in a bid for doing the mason and stone work on the Masten Park High School, located on Masten Park, in the city, off of North street. The city had plans prepared and specifications made for the work. It was conceded on the trial that the city was the owner of Masten Park. In the contract which the plaintiff held with the city it was provided that he should remove the materials around the old building on the school lot; "also the fence around the same the mason shall remove at his own expense, and he shall have the benefit of all the materials in the same, with the privilege of using such of the old bricks as the architects deem suitable. And all other of such old material shall be taken entirely from the lot. * * * All earth that may, in the judgment of the superintendent of buildings, be needed for grading around said building, shall be left on the lot, but all other earth and refuse of every kind shall be taken entirely from the lot." The contract which the plaintiff entered into with the city bore date the 25th of September, 1895, and immediately after getting the contract he started to do the work, tearing down the old building, and removing the stuff that he could use there and putting it in piles, and commenced the excavating and laying out land where he had the sand to use, and sought to use what valuable stuff was on the land, and commenced digging and getting ready for the foundations. After the plaintiff got fairly at work, the defendant appeared on the scene with teams, and commenced to remove the stone. A controversy arose between the plaintiff and the defendant in respect to the stone and the materials, the defendant insisting that they belonged to the city, and that he was going to take them away. Plaintiff forbade him from taking them away. Defendant took some of them away, and piled them up. The plaintiff then took counsel, and was advised that he was entitled to the material and stone, and sought to take possession of the material, and defendant again appeared upon the scene, making violent accusations against the plaintiff; and the defendant summoned a policeman, and directed him to arrest the plaintiff, and he was arrested, and taken to the station house, by Serg. Cullen. Plaintiff afterwards got bail and counsel, and obtained his honorable discharge. It was conceded upon the trial that on the 29th of November, 1895, the defendant "made a complaint in writing in the police justice's court in this city, charging the plaintiff with the crime of grand larceny, second degree, and that upon the hearing on said charge the plaintiff was discharged by the police justice."

At the close of the evidence the defendant moved for a nonsuit on the ground that the plaintiff had failed to make out a cause of action. The motion was denied, and the defendant took an exception. We think the exception presents no error.

The defendant's counsel asked to go to the jury on the question of probable cause, and the court replied, "Oh, yes; you may go to the jury;" and thereupon the court observed: "On the question of probable cause, I am going to hold that the plaintiff is entitled to recover in this case; that the only question for the jury to consider is the question of damages, which is wholly within their control." To that general ruling an exception was taken, which we think does not present any error.

In the course of the charge to the jury the learned judge observed: "It is sufficient, so far as this case is concerned, to say to you that there was no larceny committed by the plaintiff in his dealing with these stone. There was nothing from which the crime of larceny could be charged fairly, or upon which any such allegation could be based successfully. So that the arrest, which was made by Mc-Millan's order, he being superintendent of parks, and superintendent of the park police, was without authority, and the defendant is liable for whatever damages the plaintiff sustained by reason of that arrest." At the close of the charge the counsel for the defendant excepted to that portion of the charge "where it says there is no evidence of any crime being committed." We think the exception presents no error.

We have looked at some other exceptions in the case, which we think do not require us to disturb the verdict. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except WARD, J., not voting.